UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Danielle R. Dozler, personal representative
of the Estate of Terry Dozler, deceased,

        Plaintiff,

    v.                                                 Civil No. 08-1127-HA

City of St. Helens, Columbia County, and           ORDER
Columbia County Sheriff Phil Derby,

        Defendants.
_____

HAGGERTY, Chief Judge:

Pending before this court are defendants' Motion to Dismiss or to Make More Definite

and Certain [5], and plaintiff's Motion to Remand [12].  For the following reasons, plaintiff's

motion is granted and defendants' motion is denied as moot.

**1.      Motion to Remand**

This action was filed initially in Columbia County, Oregon.  On February 5, 2008,

plaintiff filed what this court recognizes as a First Amended Complaint.  Defendants challenged

plaintiff's First Amended Complaint by advancing motions to dismiss or to make more definite

and certain.  The paragraphs relevant to the issues presented before this court are Paragraphs 13

and 14, which provide:

1 - ORDER

13.     The city of St. Helens and Columbia County and Sheriff Derby are responsible for the cruel punishment because the failure to maintain sanitary conditions at the jail are the result of policy adopted by the defendants.

14.     The operation of this infected facility is a violation of Mr. Dozier's due process rights and also constitutes cruel and unusual punishment.  Failure to provide medical care and refusing to pay for his medical care constitutes cruel and unusual punishment.

The state court denied defendants' motion to dismiss these claims, but did order plaintiff to replead the claims to make them more definite and certain.

In June 2008, plaintiff filed what this court recognizes as a Second Amended Complaint. This Second Amended Complaint purportedly asserted claims for "WRONGFUL DEATH – NEGLIGENCE – ORS 30.020, 30.905(2)" and concluded by asserting a prayer for damages from three counts.  The Second Amended Complaint was the subject of additional motions to dismiss and to strike pleadings brought before the state court by defendants.  *See* Notice of Removal [1] filed by defendants on September 26, 2008; Ex. 5 & 6.

The motion to strike pleadings was denied, but plaintiff was ordered to file a Third Amended Complaint within fourteen days.  On September 16, 2008, plaintiff filed a Third Amended Complaint that listed three distinct counts (negligence, violation of due process – cruel and unusual punishment, and wrongful death – negligence) and also identified the United States Constitution as one of the sources for the suit.

On September 29, 2008, defendants filed the Notice of Removal pursuant to 28 U.S.C. § 1446(b).  Defendants asserted that they "first ascertained that the case is one which is or has become removable" after the filing of the Third Amended Complaint.

Plaintiff moves for remand, arguing that the First Amended Complaint filed in February 2008 provided sufficient notice to defendants of plaintiff's claims regarding violations of the federal Constitution. Plaintiff avers that the adequacy of such notice was demonstrated by the pleadings that defendants filed to challenge the First Amended Complaint. In their motions to dismiss or to require plaintiff to make the amended complaint more definite and certain, defendants acknowledged that plaintiff advanced a claim "for violation of due process and cruel and unusual punishment," and that "there is no common law claim in Oregon for violation of due process or for cruel and unusual punishment." Dfts. Mo. to Substitute, Rule 21 Motions to Dismiss or in the Alternative to Make More Definite and Certain at 5-6.

Plaintiff contends that this motions practice should be construed as establishing that defendants were on notice in early 2008 that plaintiff was asserting claims alleging violations of the United States Constitution. Accordingly, plaintiff asserts, the Notice of Removal filed in September 2008 was untimely.

The removal statute provides two thirty-day periods during which an action may be timely removed. The first period runs during the first thirty days after a defendant has received an initial pleading; the second period runs "during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).

In *Harris*, the Ninth Circuit concluded "that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry":

> Thus, the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper. *See* 28 U.S.C. § 1446(b).

*Harris*, 425 F.3d at 694.

Plaintiff's purported basis for seeking remand is that grounds for removal were evident on the face of the First Amended Complaint, and that defendants could have ascertained from the four corners of the amended complaint that removal was proper. Plaintiff argues that defendants explicitly acknowledged that "there is no common law claim in Oregon for violation of due process or for cruel and unusual punishment" in their motion to dismiss, and so knowledge of the grounds for removal can be fairly imputed to defendants.

Defendants object to remanding, pointing out that although the state court did not dismiss the claims at issue, the court did require plaintiff to make the claims more definite and certain. Defendants contend that grounds for removal cannot fairly be viewed as ascertainable from a document that was required to be made more definite and certain.

The Ninth Circuit in *Harris* teaches that the question presented is whether the option to remove was ascertainable from the face of the filing. As noted above, the paragraphs at issue is found in the First Amended Complaint under the heading COUNT II – VIOLATION OF DUE PROCESS/CRUEL AND UNUSUAL PUNISHMENT and provide:

> 13. The city of St. Helens and Columbia County and Sheriff Derby are responsible for the cruel punishment because the failure to maintain sanitary conditions at the jail are the result of policy adopted by the defendants.

14. The operation of this infected facility is a violation of Mr. Dozier's due process rights and also constitutes cruel and unusual punishment.  Failure to provide medical care and refusing to pay for his medical care constitutes cruel and unusual punishment.

It is true that the state court required plaintiff to make these passages more definite and certain.  However, it is also true that the court declined defendants' request to dismiss the claims.  Accordingly, the fairest interpretation of the state court's adjudication of the claims is that while the First Amended Complaint was poorly pled, it did present viable claims.  Undeniably, the claims presented in Paragraphs 13 and 14 of the First Amended Complaint that the court found viable were based upon plaintiff's assertion that the operation of the jail was "a violation of Mr. Dozier's due process rights and also constitutes cruel and unusual punishment."

Federal courts have subject matter jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.  *United States v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005).  Accordingly, the removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls on the party invoking the statute.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (examining the propriety of removal under the Class Action Fairness Act); *Calif. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *United Computer Sys. v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).  Any doubt as to the right of removal must be resolved in favor of remanding to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *see also* 28 U.S.C. §§ 1441(a), 1447(c).

Defendants assert, in order to preclude the running of time for removal purposes, that no federal question existed on the face of the First Amended Complaint.  Although the claims were not dismissed, defendants argue that the claims' vagueness compelled the state court to require that they be rendered more definite and certain.  However, "[w]hen a plaintiff specifically and intentionally raises a federal question on the face of the complaint, the action is removable *regardless of the vagueness of the allegations*."  *Scott v. Greiner*, 858 F. Supp. 607, 609-10 (S.D.W.Va. 1994) (emphasis in original) (where plaintiff "did not attempt to hide her federal cause of action in any way" but openly expressed it on the face of her complaint, defendants were put on notice that the plaintiff was asserting a federal cause of action, "however vague" that assertion may have been).

As was recognized by the court in *Greiner*, had defendants who were faced with a vague pleading that raised a federal question filed a removal petition within thirty days of receipt of the pleading (based, in this case, upon plaintiff's references to due process and cruel and unusual punishment), the plaintiff could not defeat the removal by denying a federal question was posed; nor could the court thereafter remand the case because the federal cause of action was vague.  *Id*. Instead, upon removal, defendants could seek to correct the vagueness of plaintiff's claims by filing a motion pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  *Id*. at 610 fn.2. Here, defendants sought dismissal or amendment of the claims in state court.  In the wake of the state court's decision that the claims were viable but in need of amendment, defendants remained content to litigate the propriety of the pleadings in state court through another round of Rule 21 motions, and only after that *then* removed to federal court to embark upon a similar attack upon the amended pleadings under Federal Rule 12(e).

In light of the strict construction against removal that this court must apply, this action must be remanded. Although plaintiff's pleadings have been consistently poorly presented from the outset of this litigation, the federal questions being asserted were openly (if vaguely) expressed as early as February 5, 2008. Those claims were not dismissed then, and defendants clearly had knowledge from the face of the First Amended Complaint that plaintiff was asserting federal claims. They could have sought removal then, but failed to do so. Accordingly, and under the strict construction by which this court is bound, defendants' removal in September must be deemed to be untimely.

**2.      Motion to Dismiss/Make More Definite**

Because this action must be remanded to Columbia County, defendants' Motion to Dismiss or to Make More Definite and Certain challenging the Third Amended Complaint must be denied as moot.

**CONCLUSION**

For the reasons above, defendants' Motion to Dismiss or to Make More Definite and Certain [5] is denied as moot. The court is compelled to grant plaintiff's Motion to Remand [12], and this action is remanded to the Columbia County Circuit Court for the State of Oregon.

IT IS SO ORDERED.

Dated this ___21___ day of January, 2009.

    ___/s/ Ancer L. Haggerty_____
                Ancer L. Haggerty
            United States District Judge